48 F.3d 1228
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ralph MAXIM, Plaintiff-Appellant,
v.
John DALTON, Secretary, United States Navy, Defendant-Appellee.
 No. 94-55909.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Before: SCHROEDER, CANBY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Maxim appeals the district court's dismissal based on res judicata of Maxim's action against his former employer, the Department of the Navy ("Navy"), alleging constructive discharge based on handicap discrimination in violation of Section 501(b) of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Robi v. Five Platters, Inc., 838 F.2d 318, 321 (9th Cir.1988), and we affirm.
 
 
 3
 The doctrine of res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered a final judgment on the merits of the claim in a previous action involving the same parties or their privies. Robertson v. Isomedix, Inc (In re Int'l Nutronics), 28 F.3d 965, 969 (9th Cir.), cert. denied, 115 S.Ct. 577 (1994). "Res judicata bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992).
 
 
 4
 The test for determining whether a subsequent action is barred by claim preclusion is whether it arises from the same transaction, or series of transactions as the original action. Western Systems, Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir.1992), cert. denied, 113 S.Ct. 970 (1993). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Id.
 
 
 5
 In Maxim v. Garrett, CV-91-1200-AWT ("Maxim I"), Maxim asserted a cause of action for employment discrimination against the Navy under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e. Maxim alleged that between September 1986 and October 1991, the Navy subjected him to harassment, initially on the basis of national origin, and then in retaliation for filing several Equal Employment Opportunity complaints. The district court granted summary judgment for the Navy, and this court affirmed in Maxim v. Garrett, No. 92-56466 (Jun. 1, 1993) (unpublished disposition).
 
 
 6
 In the present action, ("Maxim II"), Maxim alleges that the Navy discriminated against him because of his handicap, in violation of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794. Specifically, Maxim alleges that as a result of the Navy's harassment and retaliation between 1986 and 1991, he suffered from major depression, gastritis and hypertension. Maxim alleges that the Navy refused to reasonably accommodate these handicaps and that consequently he was force to take an extended leave without pay in 1988, and accept disability retirement in 1990.
 
 
 7
 The allegations in Maxim II arise from the same series of transactions that were the basis for Maxim I and therefore could have been conveniently tried as part of Maxim I. See Ulloa, 958 F.2d at 871. Although Maxim advances a new theory of recovery in Maxim II, this theory could have brought as part of Maxim I. See Clark, 966 F.2d at 1320.
 
 
 8
 Maxim contends that the grounds for recovery asserted in Maxim II were not practically available to him during Maxim I because at the time he filed his complaint in Maxim I, he was proceeding with his handicap discrimination theory before the Equal Employment Opportunity Commission.
 
 
 9
 A federal employee alleging employment discrimination on the basis of a handicap must exhaust the administrative remedies available under Title VII prior to filing a federal action. Here, the record indicates that Maxim exhausted his administrative remedies under section 717(c) of Title VII prior to filing his amended complaint in Maxim I. See Charles v. Garrett, 12 F.3d 870, 873-74 (9th Cir.1993).[1] Thus, Maxim could have asserted his handicap discrimination theory in Maxim I. See Clark, 966 F.2d at 1320. Accordingly, Maxim's present action is barred by the doctrine of res judicata. See Ulloa, 958 F.2d at 871.
 
 
 10
 Maxim contends that res judicata should not be applied here because it punishes him for remaining in the administrative process and thwarts the purpose of res judicata. Maxim, however, has failed to demonstrate that any of the narrow exceptions to res judicata are applicable. See Sidney v. Zah, 718 F.2d 1453, 1459 (9th Cir.1983); see also Federated Dep't Stores, Inc v. Moitie, 452 U.S. 394, 400-02 (1980).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties do not dispute on appeal that Maxim exhausted his administrative remedies under section 717(c)