**Michael GARTNER, Plaintiff,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Manuel Real, Rory C. Flynn, C.J. Rinaldi, Aaron Ward, Cheryl Scarboro and Does 1–10, Defendants.**

**No. CV–94–8410–RAP (RMC).**

United States District Court,
C.D. California.

Nov. 27, 1995.

---

1374

Michael Gartner, Los Angeles, CA, pro se.

Kathleen Cody, Securities and Exchange Commission, Washington, DC and Robert I. Lester, Assistant United States Attorney, Los Angeles, CA, for Defendants.

## JUDGMENT

PAEZ, District Judge.

Pursuant to the Order of the Court approving the recommendations of the United States Magistrate Judge, and adopting the same as the facts and conclusions of law herein,

IT IS ADJUDGED that pursuant to Fed. R.Civ.P. 54(b) Judgment be entered dismissing with prejudice the Complaint and action against defendants Securities and Exchange Commission, Manuel Real, Rory C. Flynn, C.J. Rinaldi, and Cheryl Scarboro.

ORDER ADOPTING REPORT AND
RECOMMENDATION OF UNITED
STATES MAGISTRATE JUDGE

CHAPMAN, United States Magistrate
Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Complaint and other papers along with the attached Report and Recommendation of the United States Magistrate Judge, and has made a *de novo* determination of the Report and Recommendation.

**IT IS ORDERED** that:

(1) the United States Magistrate Judge's Report and Recommendation is approved and adopted in its entirety; except as modified in paragraphs 7a and 9.

(2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein;

(3) the United States of America is substituted for defendants Rory C. Flynn, C.J. Rinaldi, Cheryl Scarboro, and Aaron Ward (except as to Aaron Ward on the 4th claim to the extent it asserts a *Bivens* claim) and the caption in this case is corrected to read: *Garner v. United States of America, et al.;*

(4) Claims # 1 and # 2, the causes of action for violation of the double jeopardy clause of the Fifth Amendment and the excessive fines clause of the Eighth Amendment, are dismissed with prejudice;

(5) based on judicial immunity, the Complaint and action are dismissed with prejudice as to defendant Judge Manuel Real, and Judgment should be entered accordingly;

(6) based on sovereign immunity, the Complaint and action are dismissed with prejudice as to defendant Securities and Exchange Commission, and Judgment should be entered accordingly;

(7) the Complaint and action are dismissed as to defendants Rory C. Flynn, C.J. Rinaldi, and Cheryl Scarboro due to lack of subject matter jurisdiction, and Judgment should be entered accordingly; and

(7a) Claims 1, 2, & 3 are dismissed as to defendant Aaron Ward for lack of subject matter jurisdiction;

(8) Claim # 4, the cause of action against defendant Ward for illegal search and seizure of plaintiff's sister's home, is dismissed with leave to amend; provided plaintiff shall file a First Amended Complaint setting forth only this claim, within thirty (30) days from the date of the order herein. Failure to timely file a First Amended Complaint may result in a recommendation that this action be dismissed with prejudice. The First Amended Complaint shall cure the deficiencies noted herein, shall be complete in itself, and shall not add new claims or defendants;

(9) The Court finds that there is no just reason to delay entry of final judgment against plaintiff and in favor of defendants Manuel Real, Securities and Exchange Commission, Rory C. Flynn, C.J. Rinaldi and Cheryl Scarboro pursuant to Fed.R.Civ.P. 54(b).

IT IS FURTHER ORDERED that the Clerk shall serve forthwith a copy of this Order and the Judgment of this date on the parties.

REPORT AND RECOMMENDATION OF
A UNITED STATES MAGISTRATE
JUDGE

CHAPMAN, United States Magistrate
Judge.

This report and recommendation is submitted to the Honorable Richard A. Paez, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

**BACKGROUND**

On December 15, 1994, Michael Gartner (hereafter "plaintiff"), a federal prisoner proceeding *pro se* and *in forma pauperis*, filed this *Bivens* action [1] against defendants Securities and Exchange Commission ("SEC"),

---

**1.** Plaintiff mistakenly states in his complaint that this Court has jurisdiction pursuant to 42 U.S.C. Section 1983. Because plaintiff names federal officials as defendants, however, jurisdiction is proper under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971).

three SEC attorneys, United States District Judge Manuel Real, and Aaron Ward, Postal Inspector. By this action, plaintiff seeks "to reverse" a civil judgment against him in *SEC v. Interlink Data Network, Inc.*, District Court for the Central District of California, Case No. CV 93–3073R, 1993 WL 603274 ("the SEC action")[2], a civil disgorgement action, on the grounds the SEC action violated the double jeopardy clause of the Fifth Amendment and the excessive fines clause of the Eighth Amendment, and seeks damages for libel, slander and "outrageous government conduct" by defendants.

In the SEC action, plaintiff failed to answer the complaint and refused to respond to any of the SEC's discovery requests, claiming his Fifth Amendment privilege against self-incrimination. By order dated August 26, 1993, the district court (defendant Real) held plaintiff to be in contempt for violating injunctions freezing his assets, and ordered plaintiff taken into custody. The district court ordered that a default judgment be entered against plaintiff and, subsequently, that summary judgment be granted for the SEC. The district court found that plaintiff violated the registration provisions of the Securities Act of 1933 (15 U.S.C. Sections 77e(a) and (c)), the antifraud provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934 (15 U.S.C. Sections 77q(a), 78j(b)), and the broker-dealer provisions of the Securities Exchange Act of 1934 (15 U.S.C. Section 78o(a)), and issued permanent injunctions prohibiting the defendants from further violations of the Securities and Exchange Acts. The district court also ordered plaintiff to disgorge assets totalling $12,285,035.00, as a reasonable approximation of the assets he and his companies had fraudulently obtained, and to pay prejudgment interest.

The district court, in an unpublished opinion, details the facts underlying the judgment against plaintiff in the SEC action.[3] Summarily stated, the district court held that plaintiff, the company he founded, Interlink, and an alter-ego company sold unregistered securities through bogus public offerings. By this means, plaintiff raised over $12 million for the purported installation of a fiber-optic cable network in downtown Los Angeles and the manufacture of related fiber-optic cable and video telephones. Among other misrepresentations, investors were falsely told that Interlink owned patents for certain fiber-optic technology, that Interlink was currently installing a fiber-optic cable network, and that the securities would be publicly traded, were safe and would supply a guaranteed return. In fact, plaintiff's companies were shams and plaintiff used the funds obtained from investors to buy extravagant personal items.

In this action, plaintiff's primary claim is that the SEC action constitutes a second proceeding against him in violation of the double jeopardy clause of the Fifth Amendment for the same acts which are the basis of a pending criminal case,[4] which, plaintiff alleges commenced on May 18, 1993, when federal postal inspectors searched plaintiff's offices and seized their contents (Claim # 1).[5]

---

**2.** This Court *sua sponte* takes judicial notice of the court records in the SEC action. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *United States v. Author Services, Inc.*, 804 F.2d 1520, 1523 (9th Cir.1986), *amended,* 811 F.2d 1264 (9th Cir.1987).

**3.** *See* Statement of Uncontroverted Facts and Conclusions of Law, Fed.Sec.L.Rep., par. 98,049, and 1993 WL 603274.

**4.** This Court *sua sponte* takes judicial notice of the court records in petitioner's pending criminal case, *United States v. Gartner,* District Court for the Central District of California, Case No. CR 94–683–ALL.

**5.** "The double jeopardy clause is violated when multiple punishments are imposed for the same offense. *Schiro v. Farley,* —— U.S. ——, ——, 114 S.Ct. 783, 789, 127 L.Ed.2d 47 (1994). Plaintiff attempts to place the attachment of jeopardy at the time his office was searched in connection with the criminal proceeding. Jeopardy does not attach, however, until a criminal trial commences or the court accepts a plea. *See United States v. Faber,* 57 F.3d 873, 874 (9th Cir.1995); *United States v. Real Property Located at Incline Village,* 47 F.3d 1511, 1521 (9th Cir. 1995). Therefore, the SEC action, even if it could be considered "punitive," would only provide the *first* attachment of jeopardy, and plaintiff's double jeopardy claim would properly be brought in the criminal proceeding. (In fact, the records of plaintiff's criminal proceeding show plaintiff has raised this claim.)

Plaintiff argues that the asset forfeitures resulting from the SEC action are punitive [6] in nature; thus, the SEC action constitutes double jeopardy. (Complaint, p. 4).

Plaintiff's second claim alleges that the judgment in the SEC action, requiring the forfeiture of assets, is excessive and in violation of the excessive fines clause of the Eighth Amendment because it included all of his assets, without regard to how each asset was obtained ("Claim # 2"). (Complaint, p. 5).

Plaintiff's third claim alleges libel and slander arising from false statements made by defendants SEC, SEC attorneys and Ward to various news services, who subsequently republished the information. Plaintiff also alleges that defendant SEC attorneys made slanderous statements to shareholders and employees ("Claim # 3"). (Complaint, p. 6).

Finally, plaintiff alleges that defendant Ward conducted an illegal search of the residence of plaintiff's sister and unlawfully seized assets and personal effects, including family photo albums ("Claim # 4"). (Complaint, p. 6).

On March 14, 1995, defendants SEC and SEC attorneys filed a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(1) and (b)(6). Plaintiff filed an opposition to the motion on March 17, 1995, and a "Supplemental Opposition" on May 1, 1995. Defendants Real and Ward filed their motion to dismiss on May 8, 1995. Plaintiff filed an opposition to defendants Real's and Ward's motion on June 5, 1995, and defendants Real and Ward filed their reply on June 7, 1995. On August 28, 1995, plaintiff filed a motion for summary judgment on his double jeopardy claim.[7]

Defendants SEC attorneys and Ward, on June 26, 1995, filed a motion to substitute the United States for them, pursuant to 28 U.S.C. Section 2679(d)(1), as to the common-law libel and slander claims (Claim # 3) and any common-law tort claim arising out of the allegedly illegal search of plaintiff's sister's home (Claim # 4). Plaintiff filed an opposition to the motion on July 17, 1995, but did not present any evidence, such as a declaration. Defendants filed their response on July 21, 1995.

## DISCUSSION

A motion to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), should be granted when it is clear that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). In considering the motion to dismiss, the court must accept the allegations of the complaint as true. *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232–33; *Hospital Bldg. Co. v. Trustees of Rex Hosp.,* 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976). Yet, the court need not accept as true facts which may be judicially noticed. *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1388 (9th Cir.1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988).

The court must also construe the pleading in the light most favorable to the party opposing the motion to dismiss and resolve all doubts in favor of the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). Moreover, *pro se* pleadings are held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir.1988).

Plaintiff's complaint sets forth four separate causes of action or sets of claims, which may be broadly grouped into three categories. The first category consists of Claims # 1 and # 2, the causes of action based on violations of the double jeopardy clause and

---

6. The SEC disgorgement proceeding serves a remedial purpose by divesting a violator of the securities laws of ill-gotten gains. It is not punitive in nature; but rather, it is akin to restitution of unjust enrichment. *See SEC v. Bilzerian,* 29 F.3d 689, 696 (D.C.Cir.1994).

7. Because this Court grants defendants' motions to dismiss the double jeopardy cause of action, plaintiff's motion for summary judgment need not be considered.

excessive fines clause. This category constitutes a collateral attack on the judgment in the SEC action and, as discussed below, is barred by the principle of res judicata. The second category consists of Claim # 3, the cause of action for libel and slander, constituting pendant common law tort claims. The third category consists of Claim # 4, the cause of action for illegal search and seizure of plaintiff's sister's home.

## A. Double Jeopardy And Excessive Fines Causes of Action

Plaintiff seeks a reversal of the judgment in the SEC action, alleging it violates the double jeopardy clause of the Fifth Amendment and the excessive fines clause of the Eighth Amendment. However, plaintiff's remedy was to raise these claims in the SEC action, either in the district court or on direct appeal; not to bring a *Bivens* action collaterally attacking the SEC action.

■ "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980). The companion principles of res judicata (also called claim preclusion) and collateral estoppel (also called issue preclusion) serve to avoid repetitive and vexatious litigation, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. *Id.* A prior adjudication will bar a later suit under res judicata if: (1) it involved the same claim; (2) it reached a final judgment on the merits; and (3) it involved the same parties or their privies. *Nordhorn v. Ladish Co., Inc.,* 9 F.3d 1402, 1403 (9th Cir.1993) (citing *Blonder–Tongue Lab., Inc. v. University of Ill. Found.,* 402 U.S. 313, 323–24, 91 S.Ct. 1434, 1439–40, 28 L.Ed.2d 788 (1971)).

■ Regarding the first prong, the Ninth Circuit has held the following factors should be considered in determining whether the two claims are the same:

(1) whether rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the sec-

ond action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two arise out of the same transactional nucleus of facts.

*In re International Nutronics, Inc.,* 28 F.3d 965, 970 (9th Cir.), *cert. denied sub nom. Robertson v. Isomedix, Inc.,* — U.S. —, 115 S.Ct. 577, 130 L.Ed.2d 493 (1994); *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201–02 (9th Cir.), *cert. denied,* 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982). Here, all four factors weigh in favor of finding the claims to be the same. First, plaintiff seeks reversal of the judgment and, thus, the rights established in the SEC action. Second, substantially the same evidence would need to be presented concerning whether the disgorgement approximated the assets obtained through ill-gotten means, or whether, as plaintiff suggests, the disgorgement was punitive. Third, the two suits both involve plaintiff's right to the same assets. Finally, both suits arise out of the same transactional nucleus of facts, i.e., plaintiff's sale of unregistered securities through fraudulent means. For these reasons, both actions involve the same claim.

Regarding the second prong, the record demonstrates that the default judgment and summary judgment are on the merits. The district court carefully reviewed the voluminous evidence submitted by the SEC prior to issuing findings of fact and conclusions of law. Moreover, to the extent the merits of plaintiff's defenses were not reached, plaintiff himself prevented substantive litigation by failing to answer the complaint and refusing to respond to the SEC's discovery requests. In similar circumstances, the Ninth Circuit has upheld the preclusive effect of an issue determined in reaching a default judgment after the defendant had refused to participate in discovery and other pretrial proceedings in defiance of a court order. *In re Daily,* 47 F.3d 365, 368–69 (9th Cir.1995). *See also Fund For Animals, Inc. v. Lujan,* 962 F.2d 1391, 1397 (9th Cir.1992); *Howard v. Lewis,* 905 F.2d 1318, 1323 (9th Cir.1990); *In re Gottheiner,* 703 F.2d 1136, 1140 (9th Cir.1983) (collateral estoppel effect given to judgment where the defendant participated

in litigation for sixteen months prior to his failure to oppose a motion for summary judgment).

While *Daily* deals with issue preclusion, its reasoning applies equally to claim preclusion. To allow plaintiff to use this action to collaterally attack the SEC action would reward him for obstructive tactics and undermine the district court's orders. A *Bivens* action does not provide a forum for an improper collateral attack on a civil judgment.[8] *See Matthews v. Macanas*, 990 F.2d 467, 468 (9th Cir.1993) (the court held that the doctrine of collateral estoppel bars a *Bivens* action brought against federal officers for allegedly violating plaintiff's Fourth Amendment right by conducting a search and seizure after obtaining the search warrant by fraud. Plaintiff had made the identical claim in his criminal appeal, which had been rejected by the Ninth Circuit.)

The failure of one's lawyer to raise an issue does not, as plaintiff urges, mean that the court has not reached a final decision on the merits, entitling a litigant to relitigate the issue. *International Nutronics*, 28 F.3d at 970–71 (antitrust claim against joint venture bidders could have been brought in prior bankruptcy proceeding, thus, claim was precluded in subsequent suit to avoid the sale); *International Union of Operating Eng'r.–Employers Constr. Indus. Pension, Welfare & Training Trust v. Karr*, 994 F.2d 1426, 1430 (9th Cir.1993) (in employee action to recover benefits from employer, employee's audit claim barred by res judicata because it could have been brought in prior proceeding). If litigants could bring a new suit whenever an issue was not previously litigated, no judgment would ever be final. *See Ellingson v. Burlington N., Inc.*, 653 F.2d 1327, 1331 (9th Cir.1981) (holding that a

change in law does not affect the res judicata effect of judgments (citing *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 375, 60 S.Ct. 317, 319, 84 L.Ed. 329, reh'g denied, 309 U.S. 695, 60 S.Ct. 581, 84 L.Ed. 1035 (1940))). The proper method to challenge the decision in the SEC action was to bring a direct appeal [9] based on the Fifth and Eighth Amendment claims. *Id.*

The third prong is also met. Here, plaintiff, the losing party in the SEC action, brings the claims of double jeopardy and excessive fines against defendant SEC, the prevailing party in the SEC action.

## B. Judicial Immunity

 Judges and those performing judge-like functions are absolutely immune from suits for money damages for acts performed in their official capacities. *Mireles v. Waco*, 502 U.S. 9, 10, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991) (per curiam); *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). "Judicial acts are those involving the performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights." *Atkinson–Baker & Assocs. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir. 1993) (quoting *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, ——, 113 S.Ct. 2167, 2171, 124 L.Ed.2d 391 (1993)). Judicial immunity also bars declaratory and injunctive relief against federal judges in a *Bivens* action. *Id.; Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir.1987), cert. denied, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988).

 "Judicial immunity applies however erroneous the act may have been, and

**8.** In certain respects, the posture of the present suit resembles that in *Heck v. Humphrey*, —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, however, the plaintiff challenged the legality of a state *criminal* conviction in a suit under 42 U.S.C. Section 1983. The Supreme Court held that Section 1983 relief was not available if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction unless the criminal conviction had already been reversed on direct appeal or called into question through the issuance of a writ of habeas corpus.

*Id.* at ——, 114 S.Ct. at 2372. The Supreme Court stated: "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments...." *Id.*

**9.** Both plaintiff and defendants SEC and SEC attorneys indicate that plaintiff did bring certain appeals; however, the parties also indicate that plaintiff did not challenge the judgment either on the basis of a violation of the double jeopardy clause or a violation of the excessive fines clause.

however injurious in its consequences it may have proved to the plaintiff." *Ashelman,* 793 F.2d at 1075 (quoting *Cleavinger v. Saxner,* 474 U.S. 193, 199–200, 106 S.Ct. 496, 499–500, 88 L.Ed.2d 507 (1985)). Furthermore, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles,* 502 U.S. at 11, 112 S.Ct. at 288. Even if facts are alleged regarding conduct by a judge depriving the plaintiff of a constitutional right, judges have absolute immunity for judicial conduct. *See Bradley v. Fisher,* 80 U.S. (13 Wall) 335, 20 L.Ed. 646 (1871); *Ashelman,* 793 F.2d at 1075.

■ Plaintiff alleges that defendant Real's decision in the SEC action is wrong, and that defendant Real made various erroneous rulings during the pendency of the SEC action in violation of plaintiff's constitutional rights. (Complaint, pages 4–5). Defendant Real undertook these alleged acts in his official judicial capacity. Under the well-established doctrine of judicial immunity, defendant Real should be dismissed as a defendant.

### C. Common–Law Tort Claims

Defendants SEC attorneys and Ward, on June 26, 1995, filed a motion to substitute the United States for them, pursuant to 28 U.S.C. Section 2679(d)(1), as to the common-law libel and slander claims (Claim # 3) and any common-law tort claim arising out of the allegedly illegal search of plaintiff's sister's home (Claim # 4). Plaintiff filed an opposition to the motion on July 17, 1995, but did not present any evidence, such as a declaration. Defendants filed their response on July 21, 1995. Because resolution of this motion will dispose of the libel and slander claims on jurisdictional grounds, *Meridian Int'l. Logistics, Inc. v. United States,* 939 F.2d 740, 744–45 (9th Cir.1991), the Court need not determine defendants' motions to dismiss these claims.

■ The Federal Employees Liability Reform And Tort Compensation Act ("FELRTCA"), 28 U.S.C. § 2679, immunizes federal employees from liability for negligent or wrongful acts or omissions while acting within the scope of their office or employment. Under Section 2679(d)(1), the United States may be substituted into a civil action for the federal employee upon certification from the Attorney General [10] that the employee was acting within the scope of the employment at the time of the alleged events. The district court reviews *de novo* Section 2679(d)(1) certifications. *Meridian,* 939 F.2d at 744–45. The certification is *prima facie* evidence that the employee was acting in the scope of his employment at the time of the incident, and is conclusive unless challenged. *Billings v. United States,* 57 F.3d 797, 800 (9th Cir.1995); *Green v. Hall,* 8 F.3d 695, 698 (9th Cir.1993). The party challenging the certification, or lack of it, bears the burden of presenting evidence and disproving the Attorney General's certification by a preponderance of the evidence. *Id.*

■ The certifications of the Acting United States Attorney for defendants SEC attorneys and Ward state that those defendants were acting within the course and scope of their employment "at all times material to the alleged incidents." Plaintiff has not offered, or presented, any evidence rebutting the Acting Attorney General's certifications and, thus, they conclusively establish that defendants SEC attorneys and Ward were acting within the scope of their employment regarding the common-law tort claims.[11] Moreover, statements to the press are integral to a prosecutor's job, and the Supreme Court has afforded qualified immunity to such statements. *Buckley v. Fitzsimmons,* 509 U.S. 259, ——, 113 S.Ct. 2606, 2618, 125 L.Ed.2d 209 (1993). Similarly, the statements defendants SEC attorneys allegedly made to investors in plaintiff's companies also appear to be integral to a prosecutor's job. *See Fry v. Melaragno,* 939 F.2d 832, 836 (9th Cir.1991) (extending prosecutorial immunity to agency attorneys). Now

---

**10.** The Attorney General has delegated this authority to the United States Attorney. 28 C.F.R. § 15.3.

**11.** There is no constitutional right to be protected against defamation. *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405, 413 (1976); *Johnson v. Barker,* 799 F.2d 1396, 1398 (9th Cir.1986).

that United States has been substituted for defendants SEC attorneys and Ward regarding the common-law causes of action for libel and slander (Claim # 3), the Court has no subject matter jurisdiction over those defendants. *Meridian Int'l Logistics*, 939 F.2d at 744–45.

## D. Sovereign Immunity

■ Plaintiff alleges that defendant SEC is liable in some manner for "outrageous government conduct" in connection with the libel and slander cause of action, Claim # 3. (Complaint, p. 4). As a preliminary matter, "outrageous government conduct" fails to constitute a cognizable claim. To the extent plaintiff attempts to state a constitutional claim for damages against defendant SEC, this Court lacks subject matter jurisdiction to consider such a claim against an agency of the federal government. *Federal Deposit Ins. Corp. v. Meyer*, — U.S. —, — — —, 114 S.Ct. 996, 1005–06, 127 L.Ed.2d 308 (1994) (holding that a *Bivens* claim cannot be brought against a federal agency); *Daly–Murphy v. Winston*, 837 F.2d 348, 356 (9th Cir.1987) (same).

■ Tort claims may, however, be brought against the government under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680 (*Carlson v. Green*, 446 U.S. 14, 20, 100 S.Ct. 1468, 1472, 64 L.Ed.2d 15 (1980)); but there is no jurisdiction for FTCA claims of libel and slander. *See* Section 2680(h); *Meridian*, 939 F.2d at 742–43. Moreover, a federal court may not exercise subject matter jurisdiction under FTCA until administrative remedies have been exhausted. Section 2675(a); *McNeil v. United States*, 508 U.S. 106, 110–12, 113 S.Ct. 1980, 1983–84, 124 L.Ed.2d 21 (1993); *Meridian*, 939 F.2d at 743; *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir.1982); *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir.1980). Exhaustion of administrative remedies should be alleged in the complaint or the court may dismiss the complaint for lack of jurisdiction. *See Hutchinson v. United States*, 677 F.2d at 1327; *Gillespie v. Civiletti*, 629 F.2d at 640.

## E. Illegal Search Of Plaintiff's Sister's Home

■ Plaintiff attempts to state a claim under the Fourth Amendment against defendant Ward for the allegedly illegal search of plaintiff's sister's home, Claim # 4. However, plaintiff has no standing to bring a claim for the illegal search of a someone else's home. "Fourth Amendment rights are personal rights which ... may not be vicariously asserted." *Smith v. Fontana*, 818 F.2d 1411, 1417 (9th Cir.), *cert. denied*, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987) (quoting *Alderman v. United States*, 394 U.S. 165, 174, 89 S.Ct. 961, 966, 22 L.Ed.2d 176 (1969)). Whether an individual has standing to contest the legality of a search presents a mixed question of law and fact. *United States v. Singleton*, 987 F.2d 1444, 1447 (9th Cir.1993). The individual challenging the search bears the burden of demonstrating that he has a legitimate expectation of privacy in the residence searched; but ownership is not determinative of the issue. *Id.* at 1447–50 (citing *Minnesota v. Olson*, 495 U.S. 91, 95–96, 110 S.Ct. 1684, 1687–88, 109 L.Ed.2d 85 (1990)).

■ The complaint is not sufficiently specific to provide defendant Ward fair notice of the allegations against him. Fed.R.Civ.P. 8(a)(2). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The allegations must be sufficient to put a defendant on fair notice of the claims against him. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.1991). At a minimum, plaintiff must specifically state the basis for his claim, including **where** the search took place, **when** the search occurred, **who** lived at the premises searched at the time, **who** was present at the search, **how** the search was conducted, **what** was seized, **and** defendant Ward's involvement in the search. To plead a cause of action for violation of the Fourth Amendment, plaintiff must set forth facts showing defendant Ward's personal involvement in the alleged constitutional deprivation, or establishing a causal connection between defendant Ward's wrongful conduct and the constitutional violation. *See Redman v. County of San Diego*, 942 F.2d 1435, 1446–47 (9th Cir.1991) (en banc), *cert. denied*,

502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed.2d 137 (1992).

Before dismissing with prejudice the claim for illegal search and seizure, however, the Court desires to provide plaintiff an opportunity to replead this claim. *See Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987); *Franklin v. Murphy,* 745 F.2d 1221, 1227 (9th Cir.1984); *Potter v. McCall,* 433 F.2d 1087, 1088 (9th Cir.1970). For the foregoing reasons, Claim #4, the illegal search and seizure cause of action against defendant Ward, is dismissed with leave to amend. 28 U.S.C. § 1915(d). *See Williams v. Field,* 394 F.2d 329 (9th Cir.1968), *cert. denied,* 393 U.S. 891, 89 S.Ct. 213, 21 L.Ed.2d 171 (1968).

## RECOMMENDATION

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting the Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; (3) granting defendants' Motion for Substitution of the United States, and correcting the caption in this case to substitute the United States of America for defendants Rory C. Flynn, C.J. Rinaldi, Cheryl Scarboro, and Aaron Ward; (4) granting, in part, and denying, in part, defendants' Motions To Dismiss, as follows:

(a) Claims #1 and #2, the causes of action for violation of the double jeopardy clause of the Fifth Amendment and the excessive fines clause of the Eighth Amendment, are dismissed with prejudice.

(b) Based on judicial immunity, the Complaint and action against defendant Judge Manuel Real are dismissed with prejudice, and Judgment should be entered accordingly.

(c) Based on sovereign immunity, the Complaint and action against defendant Securities and Exchange Commission are dismissed with prejudice, and Judgment should be entered accordingly.

(d) Based on paragraph 3 above, the Complaint and action against defendants Rory C. Flynn, C.J. Rinaldi, and Cheryl Scarboro are dismissed for lack of subject matter jurisdiction, and Judgment should be entered accordingly.

(e) Claim #4, the cause of action against defendant Ward for illegal search and seizure of plaintiff's sister's home, is dismissed with leave to amend; provided plaintiff shall file a First Amended Complaint setting forth **only** this claim within thirty (30) days from the date of the Order herein. Failure to timely file a First Amended Complaint may result in a recommendation that this action be dismissed with prejudice. The First Amended Complaint shall cure the deficiencies noted herein, shall be complete in itself, and shall **not** add new claims or defendants.

DATE: September 22, 1995.