NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: DAVID C. KWOK,<br><br>Debtor,<br><br>------------------------------<br><br>DAVID C. KWOK,<br><br>Appellant,<br><br>v.<br><br>ZHONG QIU LI; JAMES QUAN,<br><br>Appellees. | No. 23-60027<br><br>BAP No. 22-1152<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Spraker, and Corbit, Bankruptcy Judges, Presiding

Submitted March 14, 2025[**]
San Francisco, California

Before: FRIEDLAND, BENNETT, and BADE, Circuit Judges.

Appellant David C. Kwok appeals from a decision of the Bankruptcy

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellate Panel (BAP) affirming the bankruptcy court's order dismissing his adversary proceeding for failure to state a claim.[1] We have jurisdiction under 28 U.S.C. § 158(d). We review the BAP's decisions de novo and apply the same standard of review the BAP applied to the bankruptcy court's rulings. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

1. In 2017, Shorb DCE, LLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the Shorb bankruptcy). Kwok was the "sole 100% member of Shorb." The bankruptcy estate's primary asset was an apartment building (the Property). On August 30, 2017, the bankruptcy court converted the case to a Chapter 7 proceeding and appointed a trustee.

Meanwhile, during July and August 2017, Appellees approached Kwok and "devised a plan" to buy the Property for $2,450,000. They "convinced" Kwok not to market the property and in exchange offered to pay him $150,000 in the form of a note payable directly to Kwok after the close of escrow (the Note). In September 2017, the trustee filed a motion to sell the Property to Appellees. That motion and the underlying purchase agreement did not disclose any agreements between

---

[1] In a prior order, we limited the scope of this appeal to the bankruptcy court's July 21, 2022 order granting Appellees Zhong Qui Li's and James Quan's motion to dismiss the adversary complaint. Dkt. 7. In accordance with that order, the opening brief does not challenge the bankruptcy court's sanctions order.

Appellees and Kwok. The bankruptcy court approved the trustee's motion to sell the Property to Appellees for $2,450,000, and the sale closed on December 11, 2017. Appellees never paid on the Note.

In November 2018, Kwok commenced an individual bankruptcy under Chapter 13 that was later converted to Chapter 7 (the Kwok bankruptcy). Kwok did not disclose the Note in his schedules or to the Kwok bankruptcy trustee until 2022, prior to the closure of the bankruptcy.

On January 19, 2022, the Kwok bankruptcy trustee commenced the adversary proceeding that is the subject of this appeal. Kwok later substituted himself as plaintiff and filed a second amended complaint (SAC). The SAC asserts claims for: (1) breach of contract based on Appellees' failure to pay the Note; (2) avoidance of the sale of the Property under 11 U.S.C. § 363(n), or an award of damages; (3) turnover of the Property under 11 U.S.C. § 542; and (4) financial elder abuse under the California Welfare & Institutions Code § 15610.30. The bankruptcy court granted the Appellees' motion to dismiss under Fed. R. Civ. P. 12(b)(6), and the BAP affirmed.

2. Kwok argues that the SAC was improperly dismissed because the doctrine of unclean hands/*in pari delicto* does not apply. Appellees argue that the Note is "void as against public policy," and that Kwok's claims for relief are barred by the doctrine of *in pari delicto*. Under this doctrine, "when a participant

3

in illegal, fraudulent, or inequitable conduct seeks to recover from another participant in that conduct, the parties are deemed *in pari delicto*, and the law will aid neither, but rather, will leave them where it finds them." *Sugarman v. Taylor (In re Yellow Cab Coop., Inc.)*, 602 B.R. 357, 360 (Bankr. N.D. Cal. 2019) (quoting *Uecker v. Wells Fargo Cap. Fin., LLC* (*In re Mortgage Fund '08 LLC)*, 527 B.R. 351, 366 (N.D. Cal. 2015)). The doctrine is codified in California Civil Code § 3517, which provides that "[n]o one can take advantage of their own wrong."

The allegations in the SAC show that Kwok made an agreement with Appellees related to the primary asset in the Shorb bankruptcy estate under which he would receive funds that he did not disclose. This agreement violated his fiduciary duties to the Shorb bankruptcy estate. *See* 11 U.S.C. § 1107(a) (providing that "a debtor in possession" has the same duties as "a trustee serving in a case" under Chapter 11); *Holta v. Zerbetz (In re Anchorage Nautical Tours, Inc.)*, 145 B.R. 637, 643 (B.A.P. 9th Cir. 1992) (explaining that corporate officers owe a fiduciary duty to the corporate debtor in possession and to the creditors). Kwok, therefore, cannot seek redress based on his own alleged wrongful conduct. *See In re Yellow Cab*, 602 B.R. at 360 (noting that courts in California "applied the *in pari delicto* defense to dismiss actions filed by bankruptcy trustees against third parties who may have participated with a debtor . . . in the concealment or

4

dissipation of the debtor's assets prior to the petition date").

Kwok argues that the bankruptcy court and the BAP failed to consider *Aghaian v. Minassian*, 279 Cal. Rptr. 3d 191, 210–12 (Ct. App. 2021), and other cases applying exceptions to the "general rule that courts will not enforce illegal contracts." But Kwok did not cite these cases before the bankruptcy court or the BAP, and he did not argue that the Note fell within an exception to the doctrine of unclean hands/*in pari delicto.* Therefore, as Appellees argue, Kwok forfeited this argument by failing to present it to the bankruptcy court or to the BAP. *Burnett v. Resurgent Cap. Servs. (In re Burnett)*, 435 F.3d 971, 975–76 (9th Cir. 2006).

3.      Kwok argues that the BAP "misapplied the statute of limitations" to dismiss his § 363(n) claim because his claim is "sufficient" and timely. This argument fails because the SAC does not sufficiently allege the elements of the § 363(n) claim. 11 U.S.C. § 363(n). Under § 363(n), a trustee may avoid a sale or seek damages when "an agreement among potential bidders" controlled the sales price of an asset of the bankruptcy estate. *Id.* Potential bidders are "all persons who are contemplating making an offer to purchase property of a bankrupt estate that the trustee seeks to sell." *Wine Grp. v. Diamante (In re Hat)*, 310 B.R. 752, 759 (Bankr. E.D. Cal. 2004) (quoting *Ramsay v. Vogel*, 970 F.2d 471, 473 (8th Cir. 1992)). The SAC alleges that there was an agreement—the Note between Kwok and Appellees. It also alleges that Appellees were the only bidders at the sale of

5

the Property; Kwok was not a potential bidder.  Because the SAC does not allege the existence of an agreement "among potential bidders," it fails to state a claim under § 363(n).

The § 363(n) claim is also time barred under the one-year limitations period. *Robertson v. Isomedix, Inc*. (*In re Int'l. Nutronics, Inc*.), 28 F.3d 965, 969 (9th Cir. 1994) (applying a one-year limitations period to § 363(n) claims).  Kwok is incorrect in arguing that, under 11 U.S.C. § 108(c), the limitations period is extended due to the automatic stay.  *See* 11 U.S.C. § 108(c) (providing for an extension of the statute of limitations in actions "on a claim against the debtor").  He also suggests that the statute of limitations applicable to his § 363(n) claim should be determined under California law, but he does not cite any binding authority for this proposition.

4.      Kwok also challenges the dismissal of his third claim for relief, turnover under 11 U.S.C. § 542.  "Section 542(a) enables the bankruptcy trustee, or the debtor-in-possession in a reorganization case to seek turnover of the debtors' assets, for the benefit of the estate."[2]  *Collect Access LLC v. Hernandez (In re*

---

[2] To support a cause of action for turnover, the trustee (or here, the debtor-in-possession) has the burden of proof, by a preponderance of the evidence, to establish that: (1) the property is in the possession, custody or control of a noncustodial third party; (2) the property constitutes property of the estate; (3) the property is of the type that the trustee could use, sell or lease pursuant to section 363 or that the debtor

*Hernandez)*, 483 B.R. 713, 725 (B.A.P. 9th Cir. 2012). Kwok, however, seeks turnover of the Property *to himself.* A Chapter 7 debtor generally lacks standing to assert a claim for turnover. *Id.* The SAC, therefore, does not state a claim for turnover under § 542 and that claim was properly dismissed.

5.     In the fourth claim for relief, Kwok seeks damages for financial abuse of an elder under California Welfare & Institutions Code § 15610.30. This claim was properly dismissed for failure to state a claim, and Kwok does not present any specific arguments challenging the dismissal. To state a claim under section 15610.30(a)(1)–(3) or (b), Kwok must allege that Appellees took or retained *his* "real or personal property" for a "wrongful use" or with an "intent to defraud." The SAC does not allege that Appellees took or retained *Kwok's* property. Instead, it alleges they took the "Shorb property," which belonged to the Shorb estate, not Kwok. To the extent this claim is based on Appellees' failure to pay on the Note, it was properly dismissed under the doctrine of unclean hands/*in pari delicto*, as discussed above.

6.     Finally, Kwok did not make any arguments before the bankruptcy court, or this court, explaining how he could cure the deficiencies in the SAC.

---

could exempt under section 522, and (4) that the property is not of inconsequential value or benefit to the estate.

*Process Am., Inc. v. Cynergy Holdings (In re Process Am., Inc.)*, 588 B.R. 82, 98 (Bankr. C.D. Cal. 2018).

7

Accordingly, the bankruptcy court properly dismissed the SAC without leave to amend.

**AFFIRMED.**