HARKINS AMUSEMENT
ENTERPRISES, INC.,
Plaintiff–Appellant,

v.

HARRY NACE COMPANY; UA Communications, Inc.; United Artists Corporation; United Film Distributors; American Multi–Cinema, Inc.; Orion Pictures Corporation; Sargoy Stein Hanft; AMC Entertainment; AMC Film Marketing, Inc.; Warner Brothers Picture Corporation; Embassy Pictures, now known as Delaurentis Entertainment Group, Inc.; Universal Film Exchange, Inc., now known as Universal City Studios, Inc., Defendants–Appellees.

Nos. 87–2388, 87–15164.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 1989.

Decided Nov. 21, 1989.

David N. Farren, Shimmel, Hill, Bishop & Gruender, Phoenix, Ariz., for plaintiff-appellant.

John P. Frank, Lewis and Roca, John Amabile, Sargoy, Stein & Hanft, Phoenix, Ariz., and Joel Linzner, Khourie, Crew & Jaeger, San Francisco, Cal., for defendants-appellees.

Before WALLACE, TANG and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Harkins Amusement Enterprises, Inc. (the plaintiff) brought suit alleging violations of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2 and Arizona law. The defendants were distributors and exhibitors of moving pictures and persons connected with these activities. The district court granted summary judgment to the defendants. We affirm in part and reverse in part and remand for trial.

## BACKGROUND

The issues on this appeal arise out of an earlier case, *Harkins Amusement Enterprises, Inc. v. General Cinema Corp.*, 850 F.2d 477 (9th Cir.1988) (*Harkins I*), cert. denied sub nom. *United Artists Theatre Circuit, Inc. v. Harkins Amusement Enterprises, Inc.*, — U.S. —, 109 S.Ct. 817, 102 L.Ed.2d 806 (1989). In that case the plaintiff, the owner of five independent movie theatres in the Phoenix area, sued a group of movie distributors and exhibitors for conspiracy to restrain trade and to monopolize in violation of §§ 1 and 2 of the Sherman Act. The period covered was from September 21, 1973 through September 21, 1977, the date the complaint was filed in that case. On appeal from the district court we held that the plaintiff had presented specific facts to support its antitrust allegations of market splitting, bid rigging and circuit-wide deals by the film distributors and exhibitors. We reversed in part the district court's grant of summary judgment and remanded these claims for trial. *Harkins I*, 850 F.2d at 491.

At the same time we affirmed in part the summary judgment in favor of the defendants on the plaintiff's claims of unreasonable clearances, discriminatory moveovers, illusory advances and/or guarantees, blind bidding and shared monopoly. *Id.* at 491–92. The present suit (*Harkins II*) was brought against the same defendants as in *Harkins I* and against other defendants not present in *Harkins I*. The new suit alleged conspiracy to restrain trade and attempt to monopolize from September 29, 1976 through September 29, 1980, when it was filed.

The district court, ruling before our decision on appeal in *Harkins I*, applied res judicata and collateral estoppel to bar all of the federal claims made by the plaintiff in *Harkins II*. But following our partial reversal of the district court in *Harkins I*, the parties on appeal here stipulated that the claims for market splitting, bid rigging, and circuit-wide deals which we had remanded for trial in *Harkins I* were now not barred by res judicata or collateral estoppel.

All of the *Harkins II* defendants moved for summary judgment. As to the claims as to which we had affirmed the summary judgment in *Harkins I*, the district court granted the motion, taking the view that the plaintiff was barred by res judicata as to the defendants who were in *Harkins I* and was collaterally estopped as to the new defendants. The plaintiff appeals.

## ANALYSIS

There can be no doubt that as to the period from September 29, 1976 through September 21, 1977 the plaintiff is barred by res judicata as to the five claims which were adjudged against it in *Harkins I*; and it is collaterally estopped to proceed against the *Harkins I* defendants for damages arising from those claims that were incurred in this period of time. American Law Institute, *Restatement (Second) of Judgments* §§ 19, 27 (1982). There is also no doubt that the standard of proof set out in *Harkins I* for proof of unreasonable clearances, discriminatory moveovers, illusory advances and/or guarantees, blind bidding and shared monopoly is the law of this circuit and must be applied by the district court as to any facts that the plaintiff succeeds in proving in this case. The central question is whether the plaintiff is completely prevented from proceeding by the decision against it in *Harkins I.*

The defendants point out that the complaint in *Harkins II* alleges that the defendants "at least as early as September 1, 1976 and continuing without interruption ... formulated a plan and have continuously pursued a course of conduct intended to unreasonably restrain trade." The defendants say that this allegation is an allegation of a conspiracy that was formed at least by September 1, 1976, and the decision in *Harkins I*, holding that there was no conspiracy as to the five claims for which summary judgment was given, is a bar to the present action or at least that the issue of conspiracy vel non has been decided. *Restatement (Second) of Judgments* § 27. The defendants' view is that the plaintiff charged them with a conspiracy within the time frame of *Harkins I* and they now have a court decision that says there was no conspiracy as to these claims. The same contention is made as to counts

II and III which charge a shared monopoly on the part of the defendants pursuant to a plan formed prior to September 1, 1976.

The defendants' argument has a certain appeal and a certain force. The complaint in *Harkins II* is not a model of clarity. Nonetheless, it would be over-technical and contrary to the direction of the Federal Rules of Civil Procedure to construe the complaint in *Harkins II* as narrowly as the defendants wish. Fed.R.Civ.P. 1. Fairly read, the complaint alleges that the defendants conspired before September 1, 1976 and have continued to conspire continuously since that date. The *Harkins II* complaint alleges new antitrust conduct subsequent to September 21, 1977. Obviously the allegation that the defendants entered into conspiracies *after* the date of the *Harkins I* complaint was not ruled upon by the decision in *Harkins I*. It is elementary that new antitrust violations may be alleged after the date covered by decision or settlement of antitrust claims covering an earlier period. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 at 338–39, 91 S.Ct. 795 at 806, 28 L.Ed.2d 77 (1971); *Lawlor v. National Screen Service Co.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); *Cream Top Creamery v. Dean Milk Co.*, 383 F.2d 358, 363 (6th Cir.1967); *Joseph Muller Zurich Corp. v. Gazocean International, S.A.*, 394 F.Supp. 1246, 1248–49 (S.D.N.Y.1975); *United States v. General Electric Co.*, 358 F.Supp. 731, 740 (S.D.N.Y.1973); *see also Bronson v. Board of Education*, 510 F.Supp. 1251, 1270–71 (S.D. Ohio 1980). Failure to gain relief for one period of time does not mean that the plaintiffs will necessarily fail for a different period of time. *Lawlor* 349 U.S. at 329, 75 S.Ct. at 869. As Areeda puts it: "It cannot be emphasized too strongly that the continuation of conduct under attack in a prior antitrust suit is generally held to give rise to a new cause of action." 2 P. Areeda and D. Turner, *Antitrust Laws* § 323c (1978) (footnote omitted). The defendants by winning *Harkins I* did not acquire immunity in perpetuity from the antitrust laws. *California v. Chevron Corp.*, 872 F.2d 1410, 1415 (9th Cir.1989) ("Simply alleging the same type of claims against the same defendants for a later period does not guarantee a res judicata bar, because factual matters, such as the conduct of parties since the first judgment, must be considered.").

██ "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Restatement (Second) of Judgments* § 27 (1982); *see also Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Shapley v. Nevada Board of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir.1985). *Harkins I* decided that plaintiff's claim of shared monopoly had no basis in law:

> in this case, involving a small market with numerous sellers, no claim is stated under section 2. Not only is there no case support for Harkins' position, but the suggestions in the learned treatises do not extend the theory this far.

*Harkins I*, 850 F.2d at 490. This determination bars the plaintiff from making a shared monopoly claim in *Harkins II*. *See Restatement (Second) of Judgments*, § 27, Illustration 10 (summary judgment constitutes actually litigating an issue). We find in *Harkins I* no other issue of fact or law that could bar the plaintiff in *Harkins II*.

The defendants invoke *Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 517 F.2d 117 (5th Cir.1975), *cert. denied*, 423 U.S. 1054, 96 S.Ct. 784, 46 L.Ed.2d 643 (1976). But in that case the court observed, "Poster has failed to demonstrate any change in the facts or circumstances differentiating the conspiracy alleged here from the conspiracy among the identical defendants alleged and unproved in its 1961 suit." *Id.* at 122. The key to the court's holding appears to be Poster's failure "to demonstrate any change in the facts or circumstances." In our case, even if the complaint were read as narrowly as the defendants wish, the plaintiff alleges facts which by the defendants' own concession are at least 10 percent different from the facts alleged in *Harkins I*, and, of course, the plaintiff alleges conduct that occurred in a different time period, see *Elingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1331 (9th Cir.1981).

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.