SINGLE CHIP SYSTEMS CORP. and Neology, S. de R.L. de C.V., Plaintiffs,

v.

INTERMEC IP CORP., TransCore LP and TransCore Holdings, Inc. Defendants.

TransCore LP and Intermec IP Corp., Plaintiffs,

v.

Neology, Inc., Defendant.

Nos. 04CV1517JAHCAB, 07CV0256JAHCAB.

United States District Court, S.D. California.

May 21, 2007.

William Robinson, Stephen Lobbin, Grant Kinsel of Foley and Lardner, Los Angeles, CA, for Plaintiffs (TransCore).

Howard N. Wisnia, Cynthia Freeland, James Conley, James Pak of Baker & McKenzie, San Diego, CA, for Defendant (Neology, Inc).

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO CONSOLIDATE**

HOUSTON, District Judge.

### INTRODUCTION

Now pending before this Court are Counter-claimants and Plaintiffs Trans-Core LP and TransCore Holdings, Inc., (collectively "TransCore") motion to consolidate, filed in case numbers 04CV1517 and 07CV0256, and Defendant Neology, Inc. ("Neology") motions to dismiss, or in the alternative to stay, in case number 07CV0256. Oral argument was heard on April 26, 2007, with appearances by William J. Robinson for TransCore, and Howard Wisnia and Cindy Freeland for Neology, Inc., This Court, after hearing the oral argument of counsel, took the matter under submission. Now, after a careful consideration of the pleadings, relevant exhibits, the oral argument of counsel at the hearing, and for the reasons set forth below, this Court GRANTS Neology's motion to dismiss, DENIES Neology's motion to stay and DENIES TransCore's motion to consolidate.

### BACKGROUND

**I. Factual Background—U.S. Patent No. 5,030,807**

These cases concern the alleged infringement of U.S. Patent Number 5,030,-807 ("the '807 Patent"), entitled "System for Reading and Writing Data from and into Remote Tags." Jeremy A. Landt and Alfred R. Koelle are the named inventors on the '807 Patent. The '807 patent was filed on January 16, 1990, and subsequently issued on July 9, 1991. The '807 Patent's assignee is Defendant Intermec IP Corporation ("Intermec"). Defendants TransCore, L.P. and TransCore Holdings, Inc., licensed the '807 Patent from Defendant Intermec. *See* Cplt. at 4.

The '807 Patent discloses systems and devices for identifying, reading, relaying and writing information into moveable objects. Moveable objects employing these systems and devices include the tracking of retail items, electronic automated toll-booths, inventory control during shipment and container tracking. The system employs an interrogator which sends a radio frequency ("RF") signal to a moveable object. The moveable object is capable of relaying information stored in the object by backscatter modulating information stored in the moveable object onto the RF signal. The moveable object transmits this information back to the interrogator, which can store the information, as well as write information into the object. The interrogator is capable of writing informa-

tion into a moveable object only if it recognizes the moveable object, and has information to write into the moveable object.

## II. Procedural History [1]

On July 27, 2004, Plaintiffs Single Chip Systems, Inc. and Neology, S. de R.L. de C.V. (collectively "Plaintiffs") filed a complaint with this Court (case number 04CV1517 ("2004 case or suit")), and requested a declaratory judgement for non-infringement of three patents, including the '807 Patent. TransCore filed an answer and counterclaim for patent infringement against Plaintiffs on December 29, 2004. Doc. No. 8.

On April 8, 2005, Defendant Intermec IP Corporation filed a motion to dismiss claims two and three of the complaint. Doc. No. 37. Plaintiffs and Defendant TransCore filed their respective oppositions to Defendant Intermec's motion to dismiss. On June 8, 2005, this Court granted Defendant Intermec's motion to dismiss claims two and three of Plaintiff's complaint, leaving only the '807 patent at issue. Doc. No. 61.

On June 27, 2005, Plaintiffs filed a motion to amend the complaint with two additional causes of action for malicious prosecution and unfair competition. Doc. No. 64. Defendant TransCore filed a motion for sanctions on July 20, 2005, and an opposition to Plaintiffs' motion on August 11, 2005. Doc. Nos. 67 and 69. On November 8, 2005, this Court granted Plaintiffs' motion to amend and denied Trans-Core's motion for sanctions. Doc. No. 105. Plaintiffs filed its First Amended Complaint on November 17, 2005. Doc. No. 110.

On November 22, 2005, Defendant TransCore filed a motion to dismiss Plaintiffs' claim for malicious prosecution, or in the alternative, to bifurcate and stay the proceedings. Doc. No. 115. Plaintiffs filed an opposition on January 26, 2006. Doc. No. 163. On February 15, 2006, TransCore filed a reply. Doc. No. 176. This Court subsequently denied Trans-Core's motion to dismiss, and granted its motion to bifurcate and stay discovery for the malicious prosecution and unfair competition causes of action on March 8, 2006. Doc. No. 191. After its *ex parte* application regarding its answer to the first amended complaint was denied by this Court, TransCore filed an answer to the Plaintiff's Amended Complaint and an Amended Counterclaim, on April 25, 2006. Doc. Nos. 198 and 209. The amended counterclaim added Neology, Inc. as a party to the action and alleged patent infringement under 35 U.S.C. § 271(f).

On May 8, 2006, Plaintiffs filed a motion to strike TransCore's amended counterclaim and addition of Neology, Inc. as a new party. Doc. No. 236. Counter-defendant Neology, Inc. filed its own motion to dismiss TransCore's first amended counterclaim and addition of new party. Doc. No. 242. TransCore filed a combined opposition to Plaintiffs and Neology, Inc's motions to dismiss on June 12, 2006. Doc. No. 284. Plaintiffs and Neology, Inc. filed respective replies to TransCore's opposition on June 15, 2006. Doc. Nos. 293 and 295. On August 4, 2006, this Court granted Plaintiffs' motion to strike TransCore's amended counterclaim, striking the first amended counterclaim from the docket. Doc. No. 343.

On August 11, 2006, TransCore filed a motion for leave to file a first amended counterclaim. Doc. No. 345. Plaintiffs filed an opposition on September 5, 2006. Doc. No. 364. On TransCore filed a reply on September 7, 2006. Doc. No. 359. This Court subsequently took the matter under submission without oral argument

---

**1.** The following is an abbreviated account of the relevant procedural history in this matter.

pursuant to Civ.LR 7.1(d.1). Doc. No. 360. On January 24, 2007, this Court issued an order denying TransCore's motion for leave to file an amended counterclaim.

TransCore filed a new action (case number 07CV0256 ("2007 case or suit")), with this Court on February 8, 2007, bringing a cause of action under 35 U.S.C. §§ 271(a), (b), (c) and (f), and naming Neology, Inc. as the sole defendant. *See* 2007 Cplt. After the filing of a notice of related case by TransCore, the case was reassigned from the Honorable William Q. Hayes to the Honorable John A. Houston pursuant to this Court's low number rule. *See* 2007 suit, Doc. No. 5.

On February 20, 2007, TransCore filed the instant motions to consolidate in the 2004 and 2007 cases. *See* Doc. No. 382 in 2004 suit, Doc. No. 6 in 2007 suit. Neology filed an opposition on April 2, 2007 in the 2007 suit. Doc. No. 23. Plaintiffs Single Chip Systems and Neology S. de R.L. de C.V. filed an opposition in the 2004 case on April 2, 2007. Doc. No. 395. On April 6, 2007, TransCore filed replies in both cases. Doc. No. 397 in 2004 case; Doc. No. 26 in 2007 case.

On March 1, 2007, Neology filed a motion to dismiss, or in the alternative a motion to stay, in the 2007 suit. Doc. No. 13. TransCore filed an opposition on March 30, 2007. Doc. No. 22. Neology filed a reply on April 6, 2007. Doc. No. 25. On April 13, 2007, this Court issued an Order directing the parties to submit supplemental briefing on the issue of whether the two suits arose of out of the same transactional nucleus of facts. Doc. No. 27. On April 20, 2007, the parties filed respective supplemental briefing in response to this Court's Order. Doc. Nos. 28 and 29. An oral hearing on the motions to dismiss, stay and consolidate was entertained on April 26, 2007. This Court, after hearing the argument of counsel, took the matter under submission under Civ.LR 71.(d.1). The Court also allowed the parties to file supplemental briefing on a recently published Ninth Circuit case, *Adams v. State of California Dept. of Health*, 487 F.3d 684 (9th Cir.2007).[2] Doc. No. 34. Neology filed a supplemental document on May 1, 2007. Doc. No. 35. TransCore also filed a supplemental brief under seal on May 1, 2007.

## DISCUSSION

### I. Legal Standard

#### A. *Motion to Dismiss*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Navarro*, 250 F.3d at 732. Dismissal is also warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984); *see Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the

---

**2.** The Court notes that the Ninth Circuit panel withdrew its February 13, 2007 opinion, and replaced it with a new opinion published on May 7, 2007, *Adams v. California Dep't of Health Servs.*, 487 F.3d 684 (9th Cir.2007).

truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir.2002); *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir.1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. *Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir.2001).

### B. *Stay Proceedings*

 A court has the inherent power to stay proceedings in order "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In determining whether to stay proceedings, the Court considers the following factors: (1) judicial economy; (2) the moving party's hardship; and (3) potential prejudice to the nonmoving party. *Rivers v. Walt Disney Co.,* 980 F.Supp. 1358, 1360 (C.D.Cal.1997)

### C. *Motion to Consolidate*

 Consolidation under Rule 42(a) is left to the broad discretion of the district courts. *Investors Research, Co. v. United States Dist. Court,* 877 F.2d 777 (9th Cir. 1989). Pursuant to Rule 42 of the Federal Rules of Civil Procedure:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a). Thus, under Rule 42, the main question a court must address is whether there are common questions of law or fact. A reviewing court then must "weigh[ ] the saving of time and effort consolidation would produce against any inconvenience, delay or expense that it would cause." *Huene v. United States,* 743 F.2d 703, 704 (9th Cir.1984). The court may consider factors such as disparate trial dates or different stages of discovery as weighing against consolidation of the cases. 9 Wright & Miller, Federal Practice and Procedure § 2383 (2006). The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice. *Indiana State District Council of Laborers and Hod Carriers Pension Fund v. Gecht,* 2007 WL 902554 *1 (N.D.Cal. March 22, 2007).

## II. Analysis

### A. *Motion to Dismiss—Case No. 07CV0256*

 Defendant Neology, Inc. ("Neology") moves to dismiss Plaintiff TransCore LP's complaint filed in the 2007 case, alleging that the filing of the suit violates the prohibition against claim splitting, and therefore should be dismissed with prejudice. Doc. No. 13–1 at 3. Neology contends that Plaintiff's suit is "an impermissible end-run around this Court's order denying TransCore's Motion for Leave to File a First Amended Counterclaim." *Id.* In response, TransCore asserts that the doctrine of res judicata does not apply because there was no final judgment on the merits, and its counterclaims for pat-

ent infringement were permissive, not compulsory. Doc. No. 22 at 1. TransCore also contends that the two actions do not arise out of the same transactional nucleus of facts, and therefore the later filed action should not be barred under res judicata principles. Doc. No. 29 at 1.

■ The doctrine of claim splitting bars a party from subsequent litigation where the "same controversy" exists. *Nakash v. Superior Court,* 196 Cal.App.3d 59, 68, 241 Cal.Rptr. 578 (1987). The "main purpose behind the rule preventing claim splitting is 'to protect the defendant from being harassed by repetitive actions based on the same claim.'" *Clements v. Airport Authority of Washoe County,* 69 F.3d 321, 328 (9th Cir.1995), citing to Restatement (Second) Judgments § 26. To determine if the doctrine of claim splitting applies to bar a subsequent case, the Ninth Circuit "borrow[s] from the test for claim preclusion." *Adams v. California Dep't of HealthServs.,* 487 F.3d 684 (9th Cir.2007).

### 1. Ninth Circuit Precedence

■ Although initially agreeing that regional law applies to res judicata and claim preclusion issues, TransCore suggests in its first supplemental brief that the "'cause of action' principle for patent cases may very well be a matter of federal patent law." Doc. No. 29 at 2, fn. 4. As a preliminary matter, although this case involves the exclusive federal question of patent infringement and invalidity which can only be appealed to the Federal Circuit, the specific issues of claim splitting and res judicata do not come within the exclusive purview of the Federal Circuit. In *Mars Inc. v. Nippon Conlux Kabushiki–Kaisha,* 58 F.3d 616 (Fed.Cir.1995), the Federal Circuit explicitly found that the principles of claim preclusion did not turn on the application of patent law doctrines. *Id.* at 618. Instead, the Court looked to the law of the regional circuit in deciding the specific claim preclusion questions before the court. *Id.,* citing to *Hartley v. Mentor Corp.,* 869 F.2d 1469, 1471 fn. 1 (Fed.Cir.1989) (noting that the "application of principles of res judicata and collateral estoppel is not a matter committed to the exclusive jurisdiction of this Court."). Therefore, this Court must look to Ninth Circuit law for guidance on the application of res judicata and claim splitting to the instant matter.

### 2. Final Judgment on the Merits

Both parties agree that the doctrine of claim splitting is an aspect of res judicata. *See* Doc. No. 13–1 at 3, Doc. No. 22 at 3. The parties, however, disagree as to the overlapping factors of claim splitting and res judicata; in particular, whether a bar of a subsequent cause of action can occur in the absence of a final judgment on the merits in the prior case. TransCore argues that the doctrines of claim splitting and res judicata are identical, and therefore because no final judgment on the merits have been reached in the prior 2004 case, claim splitting should not apply in TransCore's 2007 case. Doc. No. 22 at 4, citing to *Haphey v. Linn County,* 924 F.2d 1512, 1517 (9th Cir.1991).

Neology, in reply, disagrees with TransCore that the doctrine of claim splitting is synonymous with res judicata principles. Neology instead cites to several district court cases for the proposition that claim splitting, unlike res judicata does not require a final judgment on the merits in the prior case. Doc. No. 25 at 2, citing to *Kim v. Sara Lee Bakery Group, Inc.,* 412 F.Supp.2d 929 (N.D.Ill.2006); *CIVIX DDI, LLC v. Expedia, Inc.,* 2005 WL 1126906, 2005 U.S.Dist. LEXIS 9493 (N.D.Ill.2005) and *Oxbow Energy, Inc. v. Koch Industries, Inc.,* 686 F.Supp. 278 (D.Kan.1988). The Northern District of California discussing the scant "authority addressing

the rule against claim splitting in the context of two simultaneous patent actions," also agreed with the cases above. *See Biogenex Laboratories, Inc. v. Ventana Medical Systems, Inc.,* 2005 WL 1869342 (N.D.Cal. August 5, 2005). In *Biogenex,* the district court dismissed a second patent infringement case based on the same claims, despite the lack of a final judgment on the merits of the first suit. In the earlier suit, the court denied plaintiff's leave to amend the complaint for lack of good cause and diligence. *Id.* at *1. Citing to *CIVIX–DDI,* the court found that a lack of a final judgment on the merits should not deter a court from barring the second action based on claim splitting.

In addition, a recent case in the Ninth Circuit suggests that the doctrine of claim splitting, unlike res judicata, does not require a final judgment on the merits. In *Adams v. California Dep't of Health Services,* 487 F.3d 684 (9th Cir.2007), the Ninth Circuit looked at whether the district court improperly dismissed plaintiff's complaint with prejudice as a duplicative complaint. The plaintiff in *Adams* filed leave to amend the complaint in the first suit, which the district court rejected as untimely and lacking good cause. *See id.* at 687, citing to *Adams v. California Dep't of Health Servs.,* 2007 WL 464741 (9th Cir.2007). The plaintiff then filed a second suit while the first suit was pending, which the district court dismissed with prejudice. The Ninth Circuit affirmed the district court's dismissal, finding that the second suit was duplicative. Quoting *The Haytian Republic,* 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930 (1894), the appeals court stated that " 'the true test of the sufficiency of a plea of "other suit pending" in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as "the thing adjudged," regarding the matters at issue in the second suit.' " *Id.* at *3, citing to *Haytian Republic,* 154 U.S. at 124, 14 S.Ct. 992. The court also cited with ap-

proval the Tenth Circuit's decision in *Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen,* 296 F.3d 982 (10th Cir.2002), which looked directly at the issue of whether a final judgment on the merits of the first suit was required. *Id.* at 987 n. 1.

> It is clear that a motion to dismiss based on improper claim splitting need not-indeed, often cannot wait until the first suit reaches final judgment, (citations omitted) ... [I]n the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion.

*Id.* Thus, the Ninth Circuit, facing similar facts where a second suit was dismissed by the district court while the first suit was pending, discussed with approval the findings of several courts which explicitly found that no final judgment on the merits is required. Instead, what is required in the context of a claim-splitting analysis is to *assume* that the first suit was final, and then determine if the second suit could be precluded. Similarly, this Court finds that the lack of final judgment on the merits does not preclude this Court from determining whether claim splitting would apply to bar TransCore's second asserted action.

TransCore cites to *Haphey v. Linn County,* 924 F.2d 1512 (9th Cir.1991) for the proposition that claim splitting is synonymous with res judicata, and thus requires final judgment on the merits in order to apply. *Haphey* is not applicable to the instant matter. First, as pointed out by Neology, the case was reheard *en banc* by the Ninth Circuit Court of Appeals, which set aside the panel decision "to the extent that it determined that appellants' action was barred by the doctrine of election of remedies." 953 F.2d 549, 550 (1992) ("Haphey II"). Although the portion of the opinion set aside did not include the res judicata and claim splitting discus-

sion, the *Haphey II* court explicitly stated that the opinion did not address the applicability of the doctrine of claim preclusion to the dismissal of the case. *Id.* at 552. In addition, *Haphey* and *Haphey II* dealt with the specific and narrow issue of the effects of state judicial decisions on federal court actions, not as here where the same plaintiff in an action seeks to file a second suit after being barred in the same court through denial of a leave to amend.

Accordingly, the Court finds Trans-Core's argument regarding the requirement of a final judgment on the merits unpersuasive.

### 3. *Permissive Counterclaim*

■ TransCore argues that because its counterclaim for patent infringement was a permissive counterclaim, the doctrine of claim preclusion and res judicata would apply differently. Federal Circuit law does not support TransCore's claim. In *Vivid Technologies, Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795 (Fed.Cir.1999), the Federal Circuit affirmed its long-standing holding that a patent infringement counterclaim to a declaratory judgment action of non-infringement is a compulsory, not permissive, counterclaim. Citing to Rule 13(a),[3] the court reversed the district court's ruling rejecting the patentee's infringement counterclaim, stating that:

> The right to file a counterclaim for patent infringement in response to a declaratory action for patent non-infringement is unique to patent law and warrants a uniform national rule. As we have discussed, it is generally recognized that when the same patent is at issue in an action for declaration of non-infringement, a counterclaim for patent infringe-

ment is compulsory and if not made is deemed waived.

*Id.* at 802 (citations omitted); *see also Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 947 (Fed.Cir.1993); *International Video Corp. v. Ampex Corp.*, 484 F.2d 634 (9th Cir.1973). TransCore here filed a counterclaim based on the same patent at issue in the declaratory action, and thus its counterclaim was compulsory, not permissive. TransCore's argument, accordingly, lacks merit.

### 4. *Same Cause of Action/Parties*

■ Neology contends that the 2007 case meets the applicable res judicata factors for claim splitting, and therefore the later filed suit should be dismissed by the Court. Doc. No. 13–1 at 4. In response, TransCore asserts that res judicata does not apply because the 2007 suit names a new party as well as a new claim. Doc. No. 22 at 7.

■ Res judicata, or claim preclusion, prevents relitigation of the same cause of action between the same parties, or parties who are in privity. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051–52 (9th Cir.2005). The Ninth Circuit in *In re International Nutronics, Inc.*, 28 F.3d 965 (9th Cir.1994), set forth the factors for considering "whether successive suits involve the same cause of action," including:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits

**3.** Fed. Rule Civ. Proc. 13(a) states in relevant part that "[a] pleading shall state as a counterclaim any claim ... if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."

arise out of the same transactional nucleus of facts.

*Id.* at 970, citing to *Clark v. Bear, Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir.1992). Although not one single factor is determinative of whether a successive suit would be barred under res judicata principles, whether the "same transactional nucleus of facts" exists is the most important factor in the analysis. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir.1982). The Ninth Circuit uses a transaction test to determine whether two suits share the same transactional nucleus of operative fact. *Int'l Union v. Karr*, 994 F.2d 1426, 1429–30 (9th Cir.1993). "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992).

Although the parties disagree here as to whether the same cause of action exists between the suits, both parties agree that the determination of a same cause of action rests on the contemporaneous nature of the conduct alleged to be infringing, as well as the existence of common facts between the two suits. Doc. No. 28 at 1, quoting *Durney v. WaveCrest Labs., LLC,* 441 F.Supp.2d 1055, 1060 (N.D.Cal.2005); Doc. No. 29 at 3. Both parties agree, for example, that where the two suits derive from the same facts from the same time period, the same cause of action would be found. *Id.*

The parties, however, differ in the specific facts proffered in support of their arguments. Neology, citing to Trans-Core's 2004 answer and counterclaim and 2007 complaint, asserts that both actions are based on the same allegations regarding: 1) the '807 Patent; and 2) that Single Chips Systems, Inc., Neology, S. de R.L. de C.V., and Neology "have 'manufactured, used, sold and/or offered for sale one or more Radio Frequency Identification ("RFID") tags, interrogators and/or systems,' '[have] used and copied the technology as described in the '807 patent,' and '[have] contributed to the infringement of, and induced others to infringe, the '807 patent.'" Doc. No. 28 at 2. Neology's argument, therefore, revolves around the assertion of infringement of the same patent by the same products in both suits.

In contrast, TransCore's argument revolves around the details of the 2004 and 2007 infringement claims, including the different accused products, and different time frames of the suits. TransCore asserts that because Defendant Neology, Inc. was not in existence at the time the 2004 counterclaim was filed, and because the two actions cover different time frames with different corporations, res judicata should not be found. *Id.* at 4–5. TransCore also contends that res judicata does not apply where "'new rights [were] acquired pending the action which might have been, but which were not, required to be litigated.'" Doc. No. 29 at 4, quoting *Los Angeles Branch NAACP v. Los Angeles Unified Sch. Dist.*, 750 F.2d 731, 739 (9th Cir. 1984).[4] TransCore argues that relevant Federal Circuit law defines patent infringement as "a continuing tort ... and therefore, *each act of infringement gives rise to a separate cause of action.*" *Id.* at 1 (emphasis in original), citing to *Pall Corp. v. Micron Separations, Inc.*, 66 F.3d 1211, 1221–22 (Fed.Cir.1995); *A.C. Auker-*

---

4. The Court notes that *Los Angeles Branch NAACP* considered the narrow issue of whether events that occurred after the first action was filed can fall within the "scope of litigation," and whether California procedural law allowed the folding in of subsequent events into a pending suit. 750 F.2d at 739. Because such facts differ from the issues presented here, this Court finds *Los Angeles Branch NAACP* inapposite.

man Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1031 (Fed.Cir.1992).

### a. Different Factual Allegations

TransCore argues that res judicata should not apply because the 2004 and 2007 action involve different factual events. Specifically, TransCore asserts that the 2004 suit seeks damages for "pre–2005 acts of making, using, selling and offering for sale in the United States tags that used the Series 5 chip and readers." Doc. No. 29 at 5. TransCore contrasts these activities with the 2007 suit, stating that it "seeks damages ... [for] post–1/1/05 acts of making, using, selling and offering for sale in the United States tags that use the newer Sahara chip and readers, and under 35 U.S.C. § 271(f) for Neology's exporting of infringing components finished in Mexico." Id.

■ Although the analysis of res judicata does rest to a certain extent on the time frames involved, it is the difference in factual evidence that drives the res judicata analysis. In *Harkins Amusement Enterprises, Inc. v. Harry Nace Co.*, 890 F.2d 181 (9th Cir.1989), the Ninth Circuit looked at the specific factual allegations and claims to determine if res judicata could bar plaintiff's subsequent suit. The court found that the subsequent complaint "alleges facts which by the defendants' own concession are at least 10 percent different from the facts alleged in [the previous suit], and, of course, the plaintiff alleges conduct that occurred in a different time period," and concluded that res judicata did not apply to certain claims. *Id.* at 183. Thus, the slight difference in the specific factual contentions, which was reflected in part by the different time frame involved, was enough to negate a finding of res judicata. Accordingly, to the extent that the 2004 counterclaim and 2007 complaint contain different factual allegations, reflected by the different time frames in-

volved, res judicata may not bar the subsequent suit.

■ This Court, therefore, must turn to the allegations in the 2004 and 2007 counterclaim and complaint, respectively, to determine if the facts differ between the different pleadings. As discussed, a district court is confined on a motion to dismiss to facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. *Lee,* 250 F.3d at 688–89. In addition, attorney arguments cannot be offered as evidence in any proceeding, and therefore this Court cannot consider factual evidence that are only proffered by counsel, and not explicitly present in either the complaint or any document attached to the complaint. *See Estrella v. Brandt,* 682 F.2d 814, 820 (9th Cir.1982) (arguments made in legal memoranda not evidence), citing to *Flaherty v. Warehousemen Local 334,* 574 F.2d 484, 486, fn. 2 (9th Cir.1978).

In the instant matter, a review of the 2004 counterclaim and 2007 complaint does not support TransCore's arguments regarding different facts supporting its cause of action for infringement under 35 U.S.C. § 271(a)—(c). For example, both the 2004 counterclaim and 2007 complaint allege identical facts, including:

> [Plaintiffs and Neology] have manufactured, used, sold and/or offered for sale one or more Radio Frequency Identification ("RFID") tags, interrogators and/or systems, the manufacture, use, sale and/or offer for sale of which infringes [the '807 Patent].

2004 counterclaim at ¶ 10; 2007 complaint at ¶ 12. The complaint and counterclaim only differ by the parties' names used, and contrary to TransCore's assertions do not name different products. In addition, the

2004 counterclaim and 2007 complaint both allege causes of action under 35 U.S.C. §§ 271(a)—(c). Taking the factual allegations in the complaint on its face and as true, the Court finds that the causes of action in relation to patent infringement under 35 U.S.C. §§ 271(a)-(c) assert identical facts in the type of product and patent action asserted against the parties.

The Court notes, however, that Trans-Core also alleges infringement under 35 U.S.C. § 271(f) in the 2007 suit. Unlike sections (a)—(c), an action under § 271(f) requires the showing of active inducement by an alleged infringer of the combination of "components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States." 35 U.S.C. § 271(f)(I). Neology argues that any action under § 271(f) would still be barred under res judicata because "[t]he products at issue in both actions ... are the same ... [and] the activity of the party, in both instances, occurs in the U.S. and arises from the same facts." Doc. No. 28 at 4.

This Court finds that although the factual evidence that would be required to prove a claim under 35 U.S.C. § 271(f) may differ from a cause of action under §§ 271(a)-(c), the facts as alleged in the 2007 complaint do not support a difference in the operative facts alleged in Trans-Core's 2004 counterclaim. As discussed, TransCore only reiterates in its 2007 complaint the same factual allegations of the 2004 counterclaim, *i.e.* that Neology has "manufacture[d], used, sold and/or offered for sale one or more Radio Frequency Identification ('RFID') tags, interrogators and/or systems, the manufacture, use, sale and/or offer for sale of which infringes the '807 patent under 35 U.S.C. § 271(a) and (f)." 2007 Cplt. at ¶ 12. Contrary to

TransCore's position, the 2007 complaint discloses no additional factual allegations that would support an additional cause of action under 35 U.S.C. § 271(f). Without such support, this Court finds that the § 271(f) could have originated from the same set of facts, and therefore that the 2004 counterclaim and 2007 complaint could be tried together. Accordingly, the factual bases for TransCore's claim under §§ 271(a)-(c) and § 271(f) as pled do not differ, and therefore supports both suits arising out of the same transactional nucleus of operative facts. *Int'l Union*, 994 F.2d at 1429–30.

### b. Different Parties

■ TransCore also contends in part that because the parties to the 2004 and 2007 suits differ, res judicata cannot lie. Doc. No. 29 at 4. TransCore points to the fact that Neology was not even in existence at the time its counterclaim was filed, and therefore "as a matter of law, [ ] TransCore was not even required to try to bring Neology into the '04 action." *Id.* at 4–5. In contrast, Neology argues that TransCore's own statements amounts to an admission that the parties are related, and that the actual factual events surrounding the infringement allegations do not differentiate between the parties in the 2004 and 2007 suits. Doc. No. 28 at 3, citing to TransCore's Motions to Consolidate at 1. In addition, Neology cites to the recent Ninth Circuit decision in *Adams* for the proposition that where the "parties in the second action are 'virtually represented' by the parties in the first action," the second action may be barred by res judicata. *Id.* at 5, citing to *Adams v. State Dep't of Health Servs.*, 487 F.3d 684, 691 (9th Cir.2007).[5]

---

**5.** As discussed, this Court notes that the Ninth Circuit's opinion in *Adams* was withdrawn, and replaced with a new opinion in *Adams v.*

*California Dept. Health Services,* 487 F.3d 684 (9th Cir.2007).

In *Adams,* the Ninth Circuit addressed whether the "privity requirement of claim preclusion" would be satisfied where the parties in the second action differ. 487 F.3d at 691–92. The court found that the privity requirement was met where there was "virtual representation" of the party in the first action, including "an identity of interests and adequate representation." *Id.* The court also recognized additional features of virtual representation, including " 'a close relationship, substantial participation, and tactical maneuvering.' " *Id.* at 691. The court found that where a party maintained a close relationship with a party in the first action, and had aligning interests, virtual representation of the second-filed parties was found, and the second action would be barred. *Id.* Similarly, TransCore cannot deny that Neology, Inc. has a close relationship with plaintiffs in the first action, and that the same individuals involved with Neology are represented in the 2004 suit. TransCore, in fact, contends this same fact in its 2007 suit, where it states:

> Plaintiffs are informed and believe ... that Neology has ongoing and systematic contacts with this Judicial District, including but not limited to Neology's ongoing participation in litigation in this Court, specifically *Single Chip Systems Corporation and Neology, S. de R.L. de C.V. v. Intermec IP Corporation, Trans-Core LP and TransCore Holdings, Inc.,* Case No. 04 CV 1517 JAH (CAB).

2007 Cplt. at ¶ 7. Moreover, the parties' interests are identically aligned, with all denying infringement of the '807 Patent. Accordingly, this Court disregards Trans-Core's argument, and finds that even if the named parties differ, Neology is virtually represented by TransCore in the 2004 suit, and thus privity of the parties exists.

### c. Continuing Tort

TransCore next argues that because patent infringement is a continuing tort, and thus each infringement is a separate cause of action, res judicata should not lie here. Doc. No. 29 at 1–2. As discussed, TransCore contends that although the Federal Circuit does not defer to regional circuit law in addressing res judicata issues, the " 'cause of action' principle for patent cases may very well be a matter of federal patent law." *Id.* at 2, fn. 4.

Even if it is assumed that patent infringement is a continuing tort, the analysis regarding res judicata would not change. First, TransCore cites to no case law to support this contention. In addition, as discussed, TransCore's contention that the "cause of action" principle should be decided under Federal Circuit law lacks merit in light of the Federal Circuit's repeated statements that res judicata is a regional circuit matter since no specific issues regarding patent doctrines are implicated. *See Mars,* 58 F.3d at 618; *Hartley,* 869 F.2d at 1471, fn. 1 (noting that the "application of principles of res judicata and collateral estoppel is not a matter committed to the exclusive jurisdiction of this Court."). Accordingly, this Court disregards TransCore's assertion that Federal Circuit law dictates the outcome of the res judicata issue.

Moreover, the alleged nature of patent infringement as a "continuing tort" plays only a minor role, if any, in determining whether successive suits have the same cause of action. In *Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955), the Supreme Court expressly rejected the argument that resolution of a res judicata issue should turn on "whether the [parties'] conduct [is] regarded as a series of individual torts or as one continuing tort." *Id.* at 328, 75 S.Ct. 865. Instead, the Court looked to the character of the conduct, *i.e.* the specific factual basis, of both suits in

order to determine if the same cause of action existed.

Similarly, this Court looks to the specific facts underlying the two actions to determine if res judicata applies, and therefore rejects TransCore's contentions regarding the nature of patent infringement as a continuous tort.

### 5. *Other Factors*

 As discussed, in addition to whether subsequent suits have in common the same cause of action, the Ninth Circuit also looks to three additional factors, including:

> 1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; [and] (3) whether the two suits involve infringement of the same right...

*In re International Nutronics,* 28 F.3d at 970. For the reasons discussed, this Court finds that in regards to TransCore's claims of infringement under 35 U.S.C. §§ 271(a)-(c), the 2004 counterclaim and 2007 complaint alleges "substantially the same evidence" will be presented in both actions. *Id.* Similarly, the two suits allege §§ 271(a)-(c) infringement of the same patent by the same products, and accordingly "involve infringement of the same right." *Id.* Moreover, the Court finds that the later prosecution of the 2007 suit will directly impinge on, and consequently impair, any rights or judgments that would be established in the 2004 suit on these claims. Any finding of infringement or non-infringement by a jury, for example, could be eviscerated through the re-trial of the same products involving the same patent. Accordingly, this Court finds that the 2004 and 2007 suits concerning §§ 271(a)-(c) share the same cause of action.

### 6. *Conclusion*

For the foregoing reasons, this Court GRANTS without prejudice Neology's motion to dismiss the 2007 complaint, with leave for TransCore to amend the 2007 complaint. *See Schreiber Distributing Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir.1986) (leave to amend, even if not requested, should be granted unless futile).

### B. *Motion to Stay and Motion to Consolidate*

Neology seeks in the alternative a motion to stay the proceedings pending the outcome of the 04CV1517 case, and/or the outcome of a pending reexamination of the '807 Patent. Doc. No. 25 at 7–8. TransCore argues against a stay, asserting that it would thwart judicial economy. Doc. No. 22 at 9. TransCore asserts that a consolidation of the actions would be more appropriate. TransCore argues that the Court should consolidate the 2004 and 2007 actions, and include at the 2004 trial TransCore's claims asserted in the 2007 action.

As discussed, this Court grants Neology's motion to dismiss without prejudice under the doctrine of claim splitting. For this reason, this Court DENIES as moot Neology's motion to stay and TransCore's motion to consolidate the 2007 action.

### CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Neology's motion to dismiss (Doc. No. 13) in Case no. 07CV0256 JAH (CAB) is **GRANTED without prejudice.** The Court **GRANTS** Trans-Core **forty-five** days (45) from the filing of this Order to file an amended complaint.

2. Neology's motion to stay (Doc. No. 13) in Case no. 07CV0256 JAH (CAB) is **DENIED** as moot.

3. TransCore's motion to consolidate in Case nos. 04CV1517 JAH (CAB) (Doc. No. 382) and 07CV0256 JAH (CAB) (Doc. No. 6) is **DENIED** as moot.

**IT IS SO ORDERED.**